**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 20th day of April, 2023.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:

| | |
|---|---|
| **US REAL ESTATE EQUITY BUILDER, LLC and US REAL ESTATE EQUITY BUILDER DAYTON, LLC**, | Case No. 20-21358<br>Case No. 20-21359 |
| Debtors. | Chapter 7 |
| **CHRISTOPHER J. REDMOND, CHAPTER 7 TRUSTEE and STEVEN R. REBEIN, CHAPTER 7 TRUSTEE**, | Adv. No. 22-6048<br>Adv. No. 22-6050 |
| Plaintiffs, | |
| v. | |
| **SEAN TARPENNING et al.**, | |
| Defendants. | |

## RECOMMENDATION THAT DISTRICT COURT DECLINE TO WITHDRAW THE REFERENCE UNTIL THE JURY-TRIABLE CLAIMS AGAINST MOVANTS ARE READY FOR TRIAL

Defendants 1 Big Blue LLC and The One and Only, LLC ("**Moving Defendants**") move to withdraw the reference of the claims against them in this adversary proceeding back to the district court.[1] This Bankruptcy Court recommends, pursuant to D. Kan. Rule 83.8.6(c), that the District Court withdraw the reference as to those claims on which Moving Defendants have the right to a jury trial—but not until (and unless) such claims are ready for trial.

Federal law grants jurisdiction over bankruptcy cases and bankruptcy-related proceedings to the district courts. *See* 28 U.S.C. § 1334. The district courts are permitted to refer those cases and proceedings to bankruptcy judges, which the District of Kansas has done via standing order. *See* 28 U.S.C. § 157(a); D. Kan. Rule 83.8.5(a) (referencing "Amended Standing Order of Reference" effective June 24, 2013). However, a district court may withdraw that reference as to any case or proceeding, in whole or in part, "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).[2] In the District of Kansas, courts have found cause to withdraw the reference under § 157(d) where there is (1) a right to jury trial, (2) a timely demand for jury trial, and (3) no mutual consent to trial before the

---

[1] Adv. No. 22-6048, ECF 12; Adv. No. 22-6050, ECF 14.

[2] The burden of establishing cause to withdraw the reference is on the moving party. *See Collier on Bankruptcy* ¶ 5011.01[1][b] (Richard Levin & Henry J. Sommer eds., 16th ed.). While the statute does not define "timely," courts interpret it to mean that motions for permissive withdrawal under § 157(d) must be made "at the first reasonable opportunity." *See id.* ¶ 5011.01[2].

2

bankruptcy court. *See, e.g.*, *Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)*, 190 B.R. 653, 655 (D. Kan. 1995); *cf.* D. Kan. Rule 83.8.13(a) (providing that district judge "shall" conduct jury trial under those circumstances).

Here, in their first amended complaint, the Trustees[3] assert claims against the Moving Defendants for, among other things, fraudulent transfers and preferences under 11 U.S.C. §§ 544, 547, 548, and 550.[4] The Moving Defendants now argue that they (1) have the right to a jury trial on those claims;[5] (2) timely filed their demand for jury trial under Fed. R. Civ. P. 38(b)(1);[6] and (3) do not

---

[3] Mr. Redmond is Chapter 7 trustee for the USREEB estate; Mr. Rebein is Chapter 7 trustee for the USREEB Dayton estate.

[4] *See* Adv. No. 22-6048, ECF 2 (Counts 17-26, 30, and 32); Adv. No. 22-6050, ECF 2 (same). Sections 544, 547, and 548 of the Bankruptcy Code provide that a bankruptcy trustee may avoid certain fraudulent transfers and preferential payments; section 550 allows the trustee to recover the transferred property, or the value of such property, for the benefit of the bankruptcy estate.

The Trustees' remaining claims against the Moving Defendants are for disallowance of claims (Counts 31 and 33) and unjust enrichment/quantum meruit (Counts 35 and 38).

[5] The Seventh Amendment entitles a defendant who has not submitted a claim against the bankruptcy estate to a jury trial on fraudulent-transfer and preference claims. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64 (1989); *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990). Here, it is undisputed that Moving Defendants, who have not submitted claims against the bankruptcy estates of USREEB and USREEB Dayton, would be entitled to a jury trial on the Trustees' fraudulent-transfer and preference claims under §§ 544, 547, 548, and 550 if they did not waive that right.

[6] Fed. R. Civ. P. 38(b)(1), which applies to this adversary proceeding via Fed. R. Bankr. P. 9015(a), provides that a party may demand a jury by serving other parties with a written demand no later than 14 days after the last pleading directed to the issue is served. Here, Moving Defendants filed their answer on December 1, 2022,

consent to a jury trial before the bankruptcy court.[7] The Moving Defendants conclude that the District Court should withdraw the reference as to *all* claims against them—even those on which they are not entitled to a jury trial.[8] (In a footnote, the Moving Defendants also suggest that the District Court might "exercise its discretion" to withdraw the reference as to this entire proceeding[9] "if it will conserve the Debtors' estate resources and will not hinder the uniformity and efficiency of the bankruptcy administration."[10])

---

and filed their jury demand 14 days later, on December 15, 2022. *See* Adv. No. 22-6048, ECF 8, ECF 11; Adv. No. 22-6050, ECF 10, ECF 13.

[7] *See* Adv. No. 22-6048, ECF 12 at 2; Adv. No. 22-6050, ECF 14 at 2.

[8] The Moving Defendants concede that they do not have the right to a jury trial on Counts 31 and 33, "Disallowance of Claims." *See* Adv. No. 22-6048, ECF 12 at 6; Adv. No. 22-6050, ECF 14 at 6. While they argue that they do have the right to a jury trial on Counts 35 and 38, "Unjust Enrichment/Quantum Meruit," that may not be the case. *See Rezac Livestock Comm'n Co. v. Pinnacle Bank*, Case No. 15-4958-DDC, 2020 WL 109648, at *6 (D. Kan. Jan. 9, 2020) (holding that plaintiffs were not entitled to jury trial on claims under Kansas law for unjust enrichment). However, if the District Court declines to withdraw the reference until this proceeding is ready for trial, it need not decide that issue now. *See Redmond v. Hassan*, Misc. Action No. 07-204-KHV, 2007 WL 677611, at *1 (D. Kan. Feb. 28, 2007) (observing that district court "need not conclusively distinguish legal from equitable claims at this point").

[9] The other defendants in this proceeding are JPMorgan Chase Bank, Capital One Bank, Huntington National Bank, and Sean Tarpenning. According to the Trustees' first amended complaint, Mr. Tarpenning, and/or a trust of which he is the sole beneficiary, is the "100% owner" of 1 Big Blue and the "sole member" of One and Only. *See* Adv. No. 22-6048, ECF 2 ¶¶ 5-6, 8; Adv. No. 22-6050, ECF 2 ¶¶ 5-6, 8.

[10] Adv. No. 22-6048, ECF 12 at 6 n.2 (citing *In re K&R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007)); Adv. No. 22-6050, ECF 14 at 6 n.2 (same). Because Tarpenning filed proofs of claim against the USREEB and USREEB Dayton bankruptcy estates, he is not entitled to a jury trial in this proceeding. *See Langenkamp*, 498 U.S. at 45.

The Trustees respond that under D. Kan. Rule 83.8.6(b)(2), an original defendant's motion to withdraw the reference "shall be filed within 20 days after movant has entered appearance or been served with summons or notice." The Trustees point out that Moving Defendants were served with summons on October 11, 2022, and entered an appearance on November 10, 2022—but did not move to withdraw the reference until December 15, 2022.[11] Citing *Stainer v. Latimer (In re Latimer)*, 918 F.2d 136 (10th Cir. 1990), and *In re Oliver*, Bankr. No. 05-40504, Adv. No. 11-07038, 2011 WL 6097810 (Bankr. D. Kan. Dec. 6, 2011) (Karlin, J.)), the Trustees argue that because Moving Defendants' motion to withdraw the reference was 15 days late under D. Kan. Rule 83.8.6(b)(2), Moving Defendants have waived their right to a jury trial.[12] This Court disagrees.

In 1990, when *Latimer* was decided, the Bankruptcy Code did not authorize bankruptcy courts to conduct jury trials.[13] The Tenth Circuit reasoned in *Latimer* that because a jury trial could not take place in bankruptcy court, parties who had not requested transfer to the district court (i.e., withdrawal of the reference) had therefore waived their right to a jury trial. *See In re Latimer*, 918 F.2d at 137. The circuit held that "to avoid waiver, parties seeking a jury trial must *combine* their

---

[11] *See* Adv. No. 22-6048, ECF 18 ¶¶ 5, 9, 11; Adv. No. 22-6050, ECF 20 ¶¶ 5, 9, 11.

[12] *See id.* ¶¶ 14-15.

[13] *See In re Kaiser Steel Corp.*, 911 F.2d 380, 389-92 (10th Cir. 1990) (holding that bankruptcy court lacked authority to conduct jury trial under Bankruptcy Code as amended by Bankruptcy Amendments and Federal Judgeship Act of 1984).

5

request for a jury trial with a request for transfer to the district court." *Id.* (emphasis added).

Congress enacted 28 U.S.C. § 157(e) in 1994.[14] Under § 157(e), a bankruptcy court may conduct a jury trial "if specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

In *Oliver*, which was decided in 2011, the plaintiffs had requested a jury trial in their complaint but never moved to withdraw the reference; the defendants did not consent to a jury trial conducted by the bankruptcy court. *See In re Oliver*, 2011 WL 6097810, at *1. Judge Karlin held that because § 157(e) did not authorize a bankruptcy court to conduct a jury trial without the defendants' consent, the plaintiffs' failure to request transfer to the district court had—as in *Latimer*—waived their right to a jury trial. *See id.*

But unlike the parties seeking jury trials in *Latimer* and *Oliver*, who never filed a motion to withdraw the reference, Moving Defendants here *did* file one with their jury demand. While that motion may have been 15 days late under D. Kan. Rule 83.8.6(b)(2), it was filed before the deadline to demand a jury trial under Fed. R. Civ. P. 38(b)(1).[15] Under those circumstances, Moving Defendants' demand for jury trial—consisting of the combined jury demand and motion to withdraw the reference, both filed 14 days after Moving Defendants' answer—was timely under

---

[14] *See* Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 112 (codified at 28 U.S.C. § 157(e)).

[15] Moving Defendants correctly point out that they "did not have a basis to withdraw the reference" until December 15, 2022, when they filed their demand for jury trial. *See* Adv. No. 22-6048, ECF 25 at 1-2; Adv. No. 22-6050, ECF 27 at 1-2.

Rule 38(b)(1).[16] *Cf. Redmond v. Hassan (In re Hassan)*, 375 B.R. 637, 646 (Bankr. D. Kan. 2006) ("Because the two parts together constitute a complete jury trial demand, the time limit that should apply is the one found in Civil Rule 38(b) for making such a demand . . . ."). And since their jury demand was timely, Moving Defendants have not waived their right to a jury trial under Rule 38.[17]

Furthermore, Fed. R. Civ. P. 39(c)[18] provides that even if a jury trial was not properly demanded under Rule 38, the court "may, on motion, order a jury trial on any issue for which a jury might have been demanded." The Tenth Circuit has stated that courts should grant such motions "in the absence of 'strong and compelling reasons to the contrary.'" *See Redmond v. Hassan (In re Hassan)*, 375 B.R. 637, 647 (Bankr. D. Kan. 2006) (Somers, J.) (quoting *Green Const. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993)). The Trustees have not provided any such reasons here. *Cf. id.* (stating that late-filed motion to withdraw reference should not be considered "strong and compelling reason" to deny party's request for jury trial). Thus, Moving Defendants would be entitled to a jury trial under Rule 39 even if they had waived their right to one under Rule 38. *Cf. id.* at

---

[16] To the extent there is a conflict between Fed. R. Civ. P. 38(b)(1) and D. Kan. Rule 83.8.6(b)(2), Rule 38 would prevail over the local rule. *See* Preface § 2, Hierarchy of Rules, *Local Rules of the United States Bankruptcy Court for the District of Kansas*.

[17] *Cf.* Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed.").

[18] Fed. R. Civ. P. 39(c) applies to this adversary proceeding under Fed. R. Bankr. P. 9015(a).

646-47 (citing Rule 39(b) and recommending that the district court excuse parties' "inadvertent waiver" of their jury-trial right).[19]

Regardless of whether the jury trial would take place under Rule 38 or Rule 39, this Bankruptcy Court cannot conduct it without Moving Defendants' consent—which they have not given. That jury trial must therefore be conducted by the District Court. *See* 28 U.S.C. § 157(e); D. Kan. Rule 83.8.13(a). For these reasons, the Bankruptcy Court recommends that the District Court hold that D. Kan. Rule 83.8.6(b)(2) does not preclude an original defendant's otherwise-timely demand for jury trial under Fed. R. Civ. P. 38(b)(1), overrule the Trustees' objection, and find that Moving Defendants have established cause to withdraw the reference of the jury-triable claims against them under 28 U.S.C. § 157(d).

That does not mean, however, that the District Court must withdraw the reference immediately. Even where cause to withdraw the reference exists, a court may decline to do so until the case is ready for trial. *See In re Hardesty*, 190 B.R. at 656; *see also Lindemuth v. Lloyd & MacLaughlin, LLC (In re Lindemuth)*, Case No. 12-23060 Chapter 11, Case No. 21-2554-EFM, 2022 WL 369413, at *1, *7 (D. Kan. Feb. 8, 2022) (adopting recommendation that "withdrawal of reference should not occur at this time" and stating that "the better course would be to decline any transfer until the case is ready for trial"). "Such an approach streamlines pretrial

---

[19] Unlike the Moving Defendants here, who filed their motion to withdraw the reference within the time to demand a jury under Rule 38(b)(1), the *Hassan* movants filed their motion "several months" after that deadline expired. *See In re Hassan*, 375 B.R. at 646 n.11.

8

procedure and serves the interests of judicial efficiency by taking advantage of the Bankruptcy Court's expertise and familiarity [with] the issues and discouraging forum shopping." *Redmond v. Hassan*, Misc. Action No. 07-204-KHV, 2007 WL 677611, at *1 (D. Kan. Feb. 28, 2007) (citing *In re Hardesty*, 190 B.R. at 656-57, and overruling motion to withdraw the reference as premature).

Here, the Trustees suggest that the timing of the present motion indicates forum-shopping on Moving Defendants' part (and possible "gamesmanship" on the part of Moving Defendants' principal, Mr. Tarpenning).[20] The Trustees also point out that because the other defendants in this adversary proceeding (JPMorgan Chase Bank, Capital One Bank, and Huntington National Bank) do not seek withdrawal of the reference, efficiency and judicial economy would be promoted if all pretrial matters remain with this Bankruptcy Court.[21] The law of fraudulent transfers and preferences under §§ 544, 547, 548, and 550 of the Bankruptcy Code "falls squarely within this Court's area of expertise."[22] Finally, although Moving Defendants' late-filed motion to withdraw the reference did not waive their right to a jury trial, it does— under D. Kan. Rule 83.8.6(b)(5)—constitute consent to entry of final judgment by the bankruptcy court (such that Article III would permit this

---

[20] *See* Adv. No. 22-6048, ECF 18 ¶¶ 19-20; Adv. No. 22-6050, ECF 20 ¶¶ 19-20. On December 15, 2022, this Bankruptcy Court struck a series of improper emails filed by Mr. Tarpenning and ordered him to show cause why his filing privileges should not be restricted. *See* Case No. 20-21358, ECF 801. Moving Defendants filed their motion to withdraw the reference later that same day.

[21] *See* Adv. No. 22-6048, ECF 18 ¶ 21; Adv. No. 22-6050, ECF 20 ¶ 21.

[22] *AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust)*, 335 B.R. 309, 330 (Bankr. D. Del. 2005).

9

Court to finally adjudicate any so-called "*Stern* claims" on summary judgment).[23] Under these circumstances, it is the recommendation of the Bankruptcy Court that the District Court withdraw the reference of the jury-triable claims against the Moving Defendants, but not until (and unless) such claims are ready for trial.

### 

---

[23] Rule 83.8.6(b)(5) provides: "Failure to timely move for transfer of a particular proceeding for hearing and trial by a district judge shall be construed as consent to final entry of judgment in the bankruptcy court."

In *Stern v. Marshall*, 564 U.S. 462 (2011), the Supreme Court held that Article III did not permit a bankruptcy court to enter final judgment on the debtor's counterclaim against her stepson for tortious interference (even though bankruptcy courts were authorized to do so under 28 U.S.C. § 157). The Court subsequently held, in *Executive Benefits Insurance Agency v. Arkison*, 573 U.S. 25 (2014), that Article III does permit a bankruptcy court to enter final judgment on so-called "*Stern* claims" with the parties' consent.