**In the United States District Court
for the District of Kansas**

———————

Case No. 23-cv-02181-TC
Case No. 23-cv-02182-TC

———————

CHRISTOPHER J. REDMOND & STEVEN R. REBEIN,

*Plaintiffs*

v.

SEAN TARPENNING, 1 BIG BLUE LLC, THE ONE AND ONLY, LLC,
JPMORGAN CHASE BANK, N.A., CAPITAL ONE BANK (USA), N.A.,
HUNTINGTON NATIONAL BANK

*Defendants*

———————

**MEMORANDUM AND ORDER**

The One and Only, LLC and 1 Big Blue LLC, two named defendants in an adversary proceeding in bankruptcy court, move to withdraw the jury-triable claims against them from bankruptcy court and proceed in district court. Doc. 1. The Bankruptcy Judge recommends that the reference be withdrawn, but not until the claims are ready for trial. Doc. 2. The Moving Adversary Defendants disagree, asserting withdrawal should be immediate. Doc. 3. For the reasons below, the Bankruptcy Judge's Report and Recommendation is adopted, and the motion to withdraw the reference is denied without prejudice.

**I**

**A**

The United States District Court for the District of Kansas refers all bankruptcy proceedings to bankruptcy court by standing order. *See* 28 U.S.C. § 157(a); D. Kan. Rule 83.8.5(a). These referrals may be withdrawn "for cause shown." 28 U.S.C. § 157(d); *see also Rumsey Land Co., LLC v. Resource Land Holdings, LLC (In re Rumsey Land Co., LLC)*, 944 F.3d 1259, n.4 (10th Cir. 2019). Several circumstances give rise to cause

to withdraw a reference, including where a claim is triable by jury. *See Disbursing Agent of the Hardesty Estate v. Severson* (*In re Hardesty*), 190 B.R. 653, 654 (D. Kan. 1995); *see also* D. Kan. R. 83.8.13(a) ("A district judge shall conduct jury trials in all bankruptcy cases and proceedings in which a party has a right to trial by jury, a jury is timely demanded, and no statement of consent to jury trial before a bankruptcy judge has been filed.").

A party seeking to withdraw a reference must file a motion to transfer. D. Kan. R. 83.8.6(a). The movant bears the burden to show cause to withdraw the reference. *Williamson v. Always Ready, LLC*, No. 2:23-CV-2258, 2023 WL 4838165, at *1 (D. Kan. July 28, 2023). The bankruptcy judge then submits a written recommendation, D. Kan. R. 83.8.6(c), and the parties have 14 days to object in writing, Bankr. R. 9033(b). A district judge reviews the written recommendation *de novo* in resolving the motion to withdraw the reference. Bankr. R. 9033(d); *See also Steele Cattle, Inc. v. Estate of Crist* (*In re Steele Cattle, Inc.*), 39 F.3d 1192, 1994 WL 596627 at *3 (10th Cir. 1994) (explaining that Rule 9033 governs how district courts review recommendations in non-core matters).

**B**

This dispute originates in bankruptcy court and the primary question it presents is whether part of that litigation should now proceed in district court. While the events and circumstances underlying the bankruptcy and adversary proceeding are more complex, the salient facts to understand the current dispute are relatively simple.

The dispute began when the debtors, U.S. Real Estate Equity Builder, LLC and U.S. Real Estate Equity Builder Dayton, LLC, filed for Chapter 11 bankruptcy. Doc. 1 at 2. The proceeding was converted to Chapter 7 bankruptcy and the bankruptcy court appointed two separate Trustees, Christopher Redmond and Stephen Rebein for the two debtors respectively, to oversee the liquidation process. *Id.*; Doc. 2 at n.3.

The Trustees subsequently filed an Adversary Proceeding in bankruptcy court to pursue the debtors' legal claims. Doc. 1-2. The Adversary Proceeding asserted 41 bankruptcy-related legal claims against six defendants, including two legal entities known as The One and Only, LLC, and 1 Big Blue LLC ("Moving Adversary Defendants"). *Id.* Another of the Adversary Proceeding defendants is relevant here: Sean

Tarpenning. Tarpenning is alleged to be the Moving Adversary Defendants' sole member, and he was the debtors' president when they filed bankruptcy and is alleged to be the debtors' sole beneficiary. *Id.* at ¶¶ 5–6, 8–9.

Asserting that they were entitled to have a jury resolve several of the claims, the Moving Adversary Defendants filed a motion seeking to move the Adversary Proceeding counts against them into district court. Doc. 1. The Bankruptcy Judge issued a Report and Recommendation ("R&R") agreeing that the Moving Adversary Defendants preserved their right to a jury trial in district court and that their motion to withdraw should be granted. Doc. 2. No party contests that conclusion.

The disagreement here concerns two principal points. First, the R&R concluded that the litigation should remain in bankruptcy court until the matter was ready to be tried to a jury. Doc. 2. Second, the R&R concluded that the Moving Adversary Defendants consented to having the Bankruptcy Judge decide any dispositive motions because they did not file to withdraw the reference within 20 days of being served or filing their appearance in bankruptcy court. Doc. 2. at 9–10.

The Moving Adversary Defendants object on both fronts. They assert that the reference should be withdrawn immediately, and that they could not have consented to the bankruptcy court's entry of final judgment because they preserved their trial right in district court. Doc. 3. The Trustees responded to the Moving Adversary Defendants' objections, asserting that the R&R is legally sound and that it should be adopted. Doc. 4.

## II

The Moving Adversary Defendants are entitled to proceed with a jury trial in district court, but immediate withdrawal would be premature. The Moving Adversary Defendants also consented to entry of final judgment by the Bankruptcy Judge. As a result, the R&R is adopted, Doc. 2, the LLCs' objections, Doc. 3, are overruled, and the motion to withdraw, Doc. 1, is denied without prejudice.

### A

When a litigant files a motion to withdraw the reference to bankruptcy court, there are typically two practical questions that must be

3

addressed and are frequently the subject of litigation. *See Williamson v. Always Ready, LLC*, No. 2:23-CV-2258, 2023 WL 4838165, at *1 (D. Kan. July 28, 2023). One is whether there is a basis for permitting withdrawal in the first place. *Id.* The other is, assuming withdrawal of the reference is appropriate, when should it occur—either immediately or once discovery-related proceedings have occurred. *See Lindemuth v. Lloyd & Maclaughlin, LLC (In re Lindemuth)*, No. 12-23060, 2022 WL 369413, at *6 (D. Kan. Feb. 8, 2022) (collecting cases explaining that a court has discretion in whether withdrawal should be immediate).

### 1

There is little dispute on the first issue. Generally speaking, not every claim made in a bankruptcy court is triable in federal district court. *Id.* Three requirements must be met for a claim to be triable by jury in district court: no statement of consent to trial before a bankruptcy judge has been filed, a jury is timely demanded, and the party requesting trial in district court has a right to trial by jury on the claim. *See generally Disbursing Agent of the Hardesty Estate v. Severson (In re Hardesty)*, 190 B.R. 653, 654 (D. Kan. 1995); *see also* D. Kan. R. 83.8.13(a).

The R&R explains that all three legal requirements for jury trial have been met. Doc. 2 at 2–8. First, the Moving Adversary Defendants explicitly withheld their consent to let a bankruptcy judge conduct their trial. Doc. 2 at 4 & n. 7. Second, they timely demanded a jury trial pursuant to Fed. R. Civ. P. 38(b)(1). Doc. 2 at 3–8. Third, there is agreement that the Moving Adversary Defendants have a jury trial right on a majority of the claims being made against them because, the Trustees are seeking monetary damages for transactions that allegedly violated the bankruptcy code. Doc. 1 at 5–6, Doc. 2 at n.4–5; *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).

The R&R's conclusion is sound. And the parties largely agree. The lone exception is the Trustees' contention that Tarpenning might ultimately be found to be the alter ego of the Moving Adversary Defendants' and, if so, his concession to proceed in bankruptcy court (instead of district court) might be binding on the Moving Adversary Defendants. Doc. 4 at 8. But unless and until the predicate is established, this argument provides no basis to overrule the R&R's conclusion.

**2**

The heart of this dispute concerns *when* the proceedings should be removed from bankruptcy court. The R&R explains—and the Trustees agree—that the proceedings should remain with the bankruptcy court until the jury-triable claims are ready for trial in the district court. Doc. 2 at 8–10; Doc. 4 at 2. But the Moving Adversary Defendants disagree, arguing that the counts should be removed to district court immediately. Doc. 3 at 6–12.

It is common practice that even when a party is entitled to jury trial in district court, a district court may exercise its discretion to decline to withdraw the reference until the case is ready for trial. *Lindemuth v. Lloyd & Maclaughlin, LLC* (*In re Lindemuth*), No. 12-23060, 2022 WL 369413, at *6 (D. Kan. Feb. 8, 2022). Leaving a case to proceed in bankruptcy court can maximize judicial economy by streamlining pretrial procedure and leveraging the bankruptcy court's expertise. *See Riederer v. Whipple*, No. 11-2517, 2011 WL 4972076, at *2 (D. Kan. Oct. 19, 2011).

The R&R's recommendation that the Moving Adversary Defendants should litigate in bankruptcy court until the claims are ready for trial is sound. That conclusion will encourage "judicial efficiency by taking advantage of the [b]ankruptcy [c]ourt's expertise and familiarity [with] the issues and [to] discourage[] forum shopping." Doc. 2 at 9 (quoting *Redmond v. Hassan*, No. 07-204, 2007 WL 677611, at *1 (D. Kan. Feb. 28, 2007)).[1] Bankruptcy expertise is useful in this litigation because most, if not all, of the jury-triable counts against the Moving Adversary Defendants arise under the bankruptcy code. Doc. 2 at 9; *see also* Doc. 4 at 6-7. And the Bankruptcy Judge will be required to manage the Adversary Proceeding against the other named defendants and the other claims that remain. Thus, declining immediate withdrawal means the Adversary Proceeding litigation will proceed in one pretrial track, rather than two.

---

[1] The Moving Adversary Defendants and Trustees spend time arguing about whether the Moving Adversary Defendants are forum shopping Doc. 3 at 7–8; Doc. 4 at ¶ 9. That is not a dispute relevant to the question presented and obscures the benefits to be realized by the Bankruptcy Court's expertise and familiarity with the proceedings. *See Riederer v. Kutak Rock, L.L.P.*, No. 11-CV-2456, 2011 WL 4597469, at *1 (D. Kan. Oct. 3, 2011).

The Moving Adversary Defendants' attempt to minimize these advantages do not withstand scrutiny. For example, they have failed to establish that there is such a chasm between the separate discovery that peeling off their dispute from the other discovery would be more efficient. *Contra* Doc. 3 at 7. In addition, there will be sufficient efficiencies given the inter-related nature of those involved—Tarpenning, for example—that make the bankruptcy court the best venue for all disputes to proceed pretrial. *Contra* Doc. 3 at 6–7.

And neither of the cases the Moving Adversary Defendants cite for immediate withdrawal persuasively support their position. *Contra* Doc. 3 at 6. Both involved adversary proceedings where the primary claims at issue did not arise under bankruptcy law, meaning that bankruptcy expertise was less helpful, so the bankruptcy judges recommended that the claims be immediately withdrawn. *Dynamic Drywall, Inc. v. McPherson Contractors, Inc.*, No. 15-5005, 2015 WL 4497967 (Bankr. D. Kan. July 21, 2015) (a construction dispute); *Flex Financial Holding Co. v. OneBeacon Insurance Group LLC, et al.,* Case No. 13–21483, 2015 WL 13733753 (Bankr. D. Kan. Apr. 15, 2015) (a declaratory judgment action). By contrast, the adversary claims against the Moving Adversary Defendants mostly arise from bankruptcy statutes and would benefit from the Bankruptcy Judge's expertise. Doc. 1-2 at 39–54, 60–63 (alleging claims that seek avoidance and recovery of fraudulent or preferential transfers pursuant to 11 U.S.C. §§ 544, 547, 548(a), 550, and/or 550(a)). In short, the Moving Adversary Defendants are unable to establish that accepting the R&R's recommendation to delay transfer would be an abuse of discretion. *See, e.g.*, *Williamson v. Always Ready, LLC*, No. 2:23-CV-2258, 2023 WL 4838165 (D. Kan. July 28, 2023) (declining immediate transfer because all but the quantum meruit/unjust enrichment claims arose under bankruptcy statutes).

**B**

The Moving Adversary Defendants also object to the R&R's conclusion that all dispositive motions should be resolved by the Bankruptcy Court. Doc. 3 at 8–9 (referring to Doc. 2 at 9–10). The basis for the R&R's conclusion is consent: the Moving Adversary Defendants failed to timely withdraw, and that failure, under the local rules, is construed as consent. Doc. 2 at 9 (citing D. Kan. R. 83.8.6(b)(5)). That conclusion is sound.

The Bankruptcy Judge relied on the District of Kansas's local rules. Such rules have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183,

191 (2010). And district courts are afforded "considerable deference" when interpreting their rules. *Bylin v. Billings*, 568 F.3d 1224, n. 7 (10th Cir. 2009). In this case, the transfer of particular proceedings from bankruptcy court to a district court is governed by D. Kan. R. 83.8.6. Specifically, D. Kan. R. 83.8.6(b)(5) states that "[f]ailure to timely move for transfer of a particular proceeding for hearing and trial by a district judge shall be construed as consent to final entry of judgment in the Bankruptcy Court." The local rules provide that to be considered timely, the transfer request shall be filed within 20 days after entering an appearance or being served. D. Kan. R. 83.8.6(b)(2).

The Moving Adversary Defendants did not comply with D. Kan. R. 83.8.6(b)(2). They filed their transfer request 35 days after entering an appearance and 65 days after being served. *See* Doc. 2 at 9. As a result, the plain language of D. Kan. R. 83.8.6(b)(5) confirms that the Moving Adversary Defendants' untimely request for transfer operates as consent to the bankruptcy court's entry of final judgment.

The Moving Adversary Defendants argue that failure to comply with the local rules' 20-day timeline is irrelevant since their jury trial request was found to be timely under Fed. R. Civ. P. 38. Doc. 3 at 8–9. In their view, it is inconsistent to conclude that their request for a jury trial was timely but then to conclude that their objection to having the bankruptcy court resolve all other matters, including dispositive motions, was untimely. Not so.

At the outset, it is important to realize the implied consent provided by failing to timely object as required by D. Kan. R. 83.8.6(b)(5) is effective. Indeed, the Supreme Court rejected the notion that consent to a bankruptcy court's determination had to be express when consenting to adjudication of certain non-core proceedings. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 683 (2015). While *Sharif* concerned implied consent arising under a federal statute (28 U.S.C. § 157), other courts across the country have held that implicit consent based on the operation of local rules is equally effective. *See, e.g., Lindsey v. Duckworth Development II, LLC (In re Lindsey)*, 854 F. App'x 301, 308 (11th Cir. 2021) (holding a litigant gave implied consent to the bankruptcy court's final adjudication by failing to comply with the local rule to timely file a motion challenging the bankruptcy court's final judgment authority); *see also Texas v. United States*, 798 F.3d 1108, 1114 (D.C. Cir. 2015) (relying on waiver of an argument in reliance on local rule).

7

There is no dispute that the Moving Adversary Defendants' consent was effective. They did not timely file for transfer pursuant to D. Kan. R. 83.8.6(b)(2), and that failure "shall be construed as consent to final entry of judgment in the Bankruptcy Court." D. Kan. R. 83.8.6(b)(5). And they took affirmative steps seeking relief from the bankruptcy court by filing pleadings before demanding their jury trial, Doc. 1-1 at 4 (showing Moving Adversary Defendants filed a joint Answer with Tarpenning), further indicating an intent to litigate in bankruptcy court. *See Matter of Karcredit, LLC,* No. 21-30649, 2022 WL 4103265, at *4 (5th Cir. Sept. 7, 2022), *cert. denied sub nom. Ward v. Cross Keys Bank*, 144 S. Ct. 102 (2023); *Lofstedt v. Oletski-Behrends* (*In re Behrends*), 15-cv-01854, 2015 WL 6592643, at *3 (D. Colo. Oct. 30, 2015). Thus, the Moving Adversary Defendants consented to the bankruptcy court's final entry of judgment on pretrial matters.

Nor is there any inconsistency in the result. *Contra* Doc. 3 at 8–10. Their right to a trial by jury on factual determination stands on different footing than their desire as to who makes a legal determination: their right to a jury trial is provided by the Seventh Amendment and the procedures regarding its implementation are set forth in Rule 38. Fed. R. Civ. P. 38(a); *see also Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1200 (2021) (recognizing the Seventh Amendment permits courts to resolve legal issues). In particular, their request for a jury trial was deemed timely because it complied with Rule 38 even though the local rules said something else. *See* Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with" the federal rules.); *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) (explaining that local rules must be "construe[d] and appl[ied] in a manner consistent with" the federal rules). As a result, Rule 38(b)'s longer timeline to file a jury trial demand displaced the local rule insofar as the right to jury trial is concerned. *See* Doc. 2 at 5–8; *cf. Kaiser Steel Corp. v. Frates* (*In re Kaiser Steel Corp.*), 911 F.2d 380 (10th Cir. 1990), holding modified by *Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003 (10th Cir. 1992) (holding, in a pre-Bankruptcy Reform Act of 1994 dispute, that the jury demand was not waived pursuant to the local bankruptcy rules when complying with Rule 38). But there is no similar protection for pretrial adjudications, meaning D. Kan. R. 83.8.6(b)(5) controls. *See Sender v. Shifrin* (*In re Shifrin*), No. 14-CV-02691, 2015 WL 13938174, at *1 (D. Colo. Apr. 29, 2015) (recognizing the bankruptcy court may resolve dispositive motions even where there is a valid demand for jury trial).

### III

For the foregoing reasons, the Bankruptcy Judge's Report and Recommendation, Doc. 2, is ADOPTED; the Moving Adversary Defendants' objections, Doc. 3, are overruled; and 1 Big Blue LLC's and The One and Only, LLC's Motion to Withdraw the Reference, Doc. 1, is DENIED without prejudice.

It is so ordered.

Date: March 20, 2024                     s/ Toby Crouse
                                         Toby Crouse
                                         United States District Judge